479 So.2d 794 (1985)
Ronald POMERANTZ and Bonnie Pomerantz, Appellants,
v.
WOODLANDS SECTION 8 ASSOCIATION, INC., Appellee.
No. 85-163.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
As Corrected on Denial of Rehearing and Certification January 6, 1986.
Michael R. Masinter, Fort Lauderdale, for appellants.
J. Philip Landsman of Fine, Jacobson, Schwartz, Nash, Block & England, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment entered in favor of the Woodlands Association enforcing a deed restriction prohibiting permanent residents under the age of 16 in the section of the Woodlands occupied by the appellants, Ronald and Bonnie Pomerantz. We affirm.
Ronald and Bonnie Pomerantz bought a home in Woodlands Section 8 in 1977. Most areas of the Woodlands are restricted to adults, although there are a few sections allocated for families with young children. When the Pomerantzes acquired title to their property, the deed contained an express restriction prohibiting permanent residents under the age of 16. In 1983 the Pomerantzes had a baby, and the home-owners association filed a complaint for permanent injunctive relief. The Pomerantzes defended on the grounds that the age restriction was constitutionally impermissible. At trial both sides presented expert testimony on the reasonableness of the restrictions.
In White Egret Condominium v. Franklin, 379 So.2d 346 (Fla. 1979), the supreme court ruled that a restriction on individual rights on the basis of age need not pass a "strict scrutiny" test because age is not an inherently "suspect" classification. Rather the court noted that whenever an age restriction is attacked on constitutional due process or equal protection grounds the test is (1) whether the restriction is reasonable under the particular circumstances of the case, and (2) whether the restriction is discriminatory, arbitrary, or oppressive in its application. In White Egret the supreme court upheld the constitutionality *795 of a condominium association's restriction which prohibited children under 12 from residing on the premises.
In concluding that age limitations and restrictions may be enforced if reasonably related to a lawful objective, the White Egret court relied primarily on the United States Supreme Court's opinion in Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974), which upheld the constitutionality of a zoning ordinance restricting land use to single family dwellings:
A quiet place where yards are wide, people few, and motor vehicles restricted are legitimate guidelines in a land-use project addressed to family needs. This goal is a permissible one within Berman v. Parker, [348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27] supra. The police power is not confined to elimination of filth, stench, and unhealthy places. It is ample to lay out zones where family values, youth values, and the blessings of quiet seclusion and clean air make the area a sanctuary for people.
Id. at 9, 94 S.Ct. at 1541. In White Egret it was held:
There are residential units designed specifically for young adults, for families with young children, and for senior citizens. The desires and demands of each category are different. Young adult units are predominantly one-bedroom units with extensive recreational facilities designed for the young, including tennis and racquet ball courts, weight rooms, saunas, and even disco rooms. The units designed principally for families are two- to four-bedroom units with recreational facilities geared for children, including playgrounds and small children's swimming pools. Senior citizen units are limited to one- and two-bedroom units designed to provide the quiet atmosphere that most of our senior citizens desire. These units may provide extra wide doors throughout the complex to allow sufficient clearance for wheelchairs and walkers and recreational facilities such as card rooms and shuffleboard courts. Although tennis courts and playgrounds may be desirable for younger tenants and owners, such facilities would be a waste of funds and be largely unused in a development which housed a substantial number of senior citizens. We cannot ignore the fact that some housing complexes are specifically designed for certain age groups. In our view, age restrictions are a reasonable means to identify and categorize the varying desires of our population.
379 So.2d at 351. Under White Egret it is apparent that age restrictions in housing are not per se unconstitutional.
In the case at bar there was extensive testimony by the association's experts as to the reasonableness of the age restriction. Dr. Streib, a sociologist whose major research has been in the field of sociology of aging, stated that people who locate in retirement communities tend to share a cultural history which gives them an understanding and appreciation of one another. He also testified that in such communities there is a sense of trust and responsibility for one another. Another expert who testified for the appellees was Betty Badger, a psychotherapist who specializes in the treatment of older adults. She testified that psychological needs change as the body ages, and that an age restricted community is an excellent way to increase the morale of older people and to limit the amount of stimuli on them. She noted that as people age they lose some of their flexibility and ability to react quickly to stimuli. Dr. Rubin, the city planner of Tamarac, testified that the adult section of Woodlands does not have the usual characteristics of a family oriented community. Slides of the area were admitted into evidence and showed that the adult section has a clubhouse, a pool and a shuffleboard court whereas the family section has these features plus a tennis court, a basketball court, and a playground. Dr. Rubin noted that most communities which are planned for families have a gridiron street plan because the straight lines of sight make for greater safety, and also allow for the greater flow of traffic generated by family *796 communities. He testified that the lack of sidewalks in the adult section made it less safe for a child to walk there. The twenty-foot width of the streets is also consistent with adult communities, whereas family communities usually have fifty-foot road rights-of-way to allow for sidewalks off the edge of the pavement.
Initially, we reject appellants' contention that the White Egret decision applies only to condominium developments. The basic rationale of White Egret applies to any form of housing development. The remainder of the appellants' argument is directed to discrediting the expert witnesses. The Pomerantzes suggest that the testimony of Ms. Badger and Professor Streib was nothing more than a reflection of subjective biases. However, both Ms. Badger and Professor Streib referred to several studies which they believed supported their testimony. In any event, we believe this criticism would only bear on the weight to be given to their testimony. An appellate court is not free to substitute its judgment for that of the trier of fact or to reweigh the evidence. Based upon our review of the record we believe that there was substantial evidence to support the trial court's conclusion that the age restriction was reasonable and valid under the test set out in White Egret.
We find no merit to the other issues raised by appellants. Accordingly, we affirm the judgment of the trial court.
HERSEY, C.J., and GLICKSTEIN, J., concur.