492 So.2d 460 (1986)
Richard ROCEK and Carolyn Rocek, His Wife, Appellants,
v.
Saul MARKOWITZ, et al., Appellees.
No. 85-1568.
District Court of Appeal of Florida, Fifth District.
August 7, 1986.
John A. Reed, Jr., of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellants.
Steven R. Kutner of Pearlman and Kutner, P.A., Fern Park, for appellees.
ORFINGER, Judge.
The issue on appeal is the validity and enforceability of a properly recorded deed restriction prohibiting persons under sixteen years of age from residing in the housing development in which appellants and appellees reside. The trial court held the covenant unenforceable. We disagree and reverse.
The facts in this case are undisputed. Williamsburg is a housing development in Orange County composed of several recorded subdivisions, one of which is Windmill Pointe where the parties reside. Each individual subdivision is subject to the "Declaration of Covenants and Restrictions for Williamsburg," among which is the following:
2. ADULT COMMUNITY RESTRICTION
In recognition of the fact that The Property is being developed for the enjoyment, comfort, convenience and accommodation of adult persons, occupancy of each and every Dwelling Unit shall be and is hereby restricted to adults with *461 whom no dependent children under the age of sixteen (16) years reside.
When appellees purchased their home in Windmill Pointe in 1980, they knew that Williamsburg was developed as an adult community and they were fully aware of the recorded restriction prohibiting children under sixteen from residing therein. In March, 1982, because of a domestic problem, their adult daughter and her young son, eleven years old at time of trial, moved in with them. Despite numerous requests by the Homeowners Association and promises by appellees to remedy the situation and abide by the restriction, nothing was done, so in January 1985 appellants, as homeowners in the subdivision, filed this suit to enforce compliance. Appellees admitted in their answer that a dependent child under sixteen years of age was residing with them, but affirmatively alleged that the restriction was invalid "as an unconstitutional violation of the Defendant's right to family sanctity, privacy, procreation and right to free and open travel among the states," and alternatively, that the covenant was invalid as being in violation of the equal protection and due process clauses of the United States and Florida Constitutions.[1] The trial court agreed that the covenant was invalid and thus unenforceable, and denied the requested injunctive relief.
In White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979) the supreme court upheld the constitutionality of a condominium restriction prohibiting children under twelve years of age from residing on the premises. In rejecting an attack on similar constitutional grounds as raised here, the court held that age limitations or restrictions are reasonable means to accomplish "the lawful purpose of providing appropriate facilities for the differing housing needs and desires of the varying age groups." The court then provided this test for determining constitutional validity of such restrictions:
Whenever an age restriction is attacked on due process or equal protection grounds, we find the test is: (1) whether the restriction under the particular circumstances of the case is reasonable, and (2) whether it is discriminatory, arbitrary, or oppressive in its application.
379 So.2d at 351.
Based on this test, the restriction here passes constitutional muster. The trial court held that White Egret was limited only to condominiums, but a review of that decision reveals no such limitation. In Pomerantz v. Woodlands Section 8 Association, Inc., 479 So.2d 794 (Fla. 4th DCA 1985) the court rejected the contention that the White Egret decision applied only to condominium developments. Instead, the court held, as do we, that the rationale of that decision applies to any form of housing development. Similar restrictions have also been upheld with respect to mobile home communities. See Metropolitan Dade County Fair Housing and Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc., 485 So.2d 865 (Fla. 3d DCA 1986).
The trial court's reliance on City of Cleburne, Texas v. Cleburne Living Center, ___ U.S. ___, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) is misplaced, because that case dealt with the arbitrary exercise of the police power of a municipality in requiring and denying a special use permit for a group home for mentally retarded persons, when other types of group living accommodations were permitted as a matter of right and required no special use permit. The restriction here is not a zoning ordinance adopted under police power, but is a covenant adopting a land use restriction which a proposed purchaser is free to accept or reject at the time he purchases his property. We find the restriction reasonable and valid for the same reasons expressed in White Egret, and because no equitable defenses to enforcement are present here, we hold the restriction to be enforceable.
*462 The final judgment is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] Defendants also alleged waiver because of discriminatory and arbitrary enforcement, but at trial they conceded that the covenant in question has been uniformly enforced.